FILED
6/16/2025 4:22 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Mario Hernandez
Bexar County - 131st District Court

Case 5:25-cv-01039-FB   Document 1-1   Filed 08/22/25   Page 1 of 10

**2025CI13550**

(3) CIT PPS / SAC 4

CAUSE NO. _____

| | | |
|---|---|---|
| MANUEL GOMEZ, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SCHINDLER ELEVATOR CORPORATION, | § | |
| MARRIOTT HOTEL SERVICES, LLC dba | § | |
| SAN ANTONIO MARRIOTT RIVERCENTER | § | BEXAR COUNTY, TEXAS |
| and MARRIOTT INTERNATIONAL, INC. | | |
| Defendants | | |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, MANUEL GOMEZ, JR., Plaintiff herein, and files this suit against SCHINDLER ELEVATOR CORPORATION (hereinafter "SCHINDLER"), MARRIOTT HOTEL SERVICE, LLC dba SAN ANTONIO MARRIOTT RIVERCENTER, and MARRIOTT INTERNATIONAL, INC. (collectively referred to as "MARRIOTT DEFENDANTS") and in support thereof would show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure.

### RELIEF SOUGHT

Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks relief of over $1,000,000.00.

### PARTIES

Plaintiff, MANUEL GOMEZ, JR., is a resident of Port Isabel, Cameron County, Texas.

Defendant, SCHINDLER ELEVATOR CORPORATION, is a Foreign Corporation

**EXHIBIT A**

conducting business, among other places, in San Antonio, Bexar County, Texas and may be served by serving its registered agent for service as follows:

> C T Corporation System
> 1999 Bryan St., Suite 900
> Dallas, Texas 75201-3136

Defendant, MARRIOTT HOTEL SERVICES, LLC dba SAN ANTONIO MARRIOTT RIVERCENTER is a Foreign Limited Liability Company organized in the state of Delaware. Defendant MARRIOTT HOTEL SERVICES, LLC dba SAN ANTONIO MARRIOTT RIVERCENTER may be served through its registered agent as follows:

> Corporation Service Company dba
> CSC – Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3218

Defendant, MARRIOTT INTERNATIONAL, INC. is a Foreign Corporation organized in the state of Delaware. Defendant MARRIOTT INTERNATIONAL, INC. may be served through its registered agent as follows:

> Corporation Service Company dba
> CSC – Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3218

## JURISDICTION

The Court has jurisdiction because all Defendants conduct business in the the State of Texas and a justiciable dispute exists within the jurisdiction of Bexar County, Texas.

## VENUE

Venue is proper in Bexar County under Texas Civil Practice and Remedies Code

§ 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in San Antonio, Bexar County, Texas.

## FACTUAL BACKGROUND

Upon information and belief, and at all times hereinafter mentioned, the Defendants MARRIOTT HOTEL SERVICES, LLC dba SAN ANTONIO MARRIOTT RIVERCENTER and MARRIOTT INTERNATIONAL, INC. own the premises where the accident occurred.

In the alternative, upon information and belief, and at all times hereinafter mentioned, the Defendant MARRIOTT HOTEL SERVICES, LLC operates, manages, maintains, repairs and/or controlled the premises where the accident occurred being at the SAN ANTONIO MARRIOTT RIVERCENTER in San Antonio, Bexar County, Texas and Defendant MARRIOTT INTERNATIONAL, INC. owns the SAN ANTONIO MARRIOTT RIVERCENTER.

Upon information and belief, Defendant SCHINDLER ELEVATOR CORPORATION sold and installed an escalator at the SAN ANTONIO MARRIOTT RIVERCENTER. Defendant SCHINDLER ELEVATOR CORPORATION, along with MARRIOTT DEFENDANTS were in charge of maintaining and repairing said escalator.

On or about June 16, 2023, Plaintiff was coming down said escalator at the SAN ANTONIO MARRIOTT RIVERCENTER. Suddenly, said escalator stopped abruptly without warning causing Plaintiff to fall and proximately causing the injuries complained of herein.

At all times mentioned herein, MARRIOTT DEFENDANTS had such control over the premises in question that MARRIOTT DEFENDANTS owed certain duties to Plaintiff,

the breach of which proximately caused the injuries set forth herein.

On or about June 16, 2023, MANUEL GOMEZ, JR. was an Invitee on the premises owned by MARRIOTT DEFENDANTS when MANUEL GOMEZ, JR. was injured as a result of the acts and omissions of MARRIOTT DEFENDANTS and SCHINDLER.

## LIABILITY OF MARRIOTT DEFENDANTS
## FOR PREMISES DEFECT, PREMISE LIABILITY AND NEGLIGENCE

That on the date MANUEL GOMEZ, JR. was injured, a dangerous condition existed on the MARRIOTT DEFENDANTS' premises which was the proximate cause of the injuries, specifically allowing a malfunctioning escalator to exist on their premises.

That MARRIOTT DEFENDANTS had actual or constructive knowledge; or in the exercise of ordinary care, should have known of the condition just described on MARRIOTT DEFENDANTS's premises.

That the condition just described posed an unreasonable risk of harm to MANUEL GOMEZ, JR. and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

That the Defendant did not exercise reasonable care to reduce or eliminate the risk. The negligent, careless or reckless acts and omissions of MARRIOTT DEFENDANTS consisted of one or more of the following:

a. MARRIOTT DEFENDANTS had a duty to keep the aforesaid premises in a safe condition for those lawfully frequenting the premises and to provide a safe means of ingress and egress into and up/down to the stories of the aforesaid premises.

b. The injuries of Plaintiff was the direct result and caused by the negligence

of the MARRIOTT DEFENDANTS and/or defendants' servants, employees and/or licensees in the ownership, operation, management and control of the aforementioned premises and without any negligence on the part of the Plaintiff contributing thereto.

At the before mentioned time and place, MARRIOTT DEFENDANTS, either by and through their agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Improperly operated, managed, maintained and controlled the escalator/property;

    b.    Failed to properly warn of any latent or hidden dangers on the property. The danger presented to Plaintiff was not an open and obvious danger;

    c.    Failed to provide the proper supervision of its property;

    d.    Failed to make a reasonable inspection of its property when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff and others lawfully on the property;

    e.    Allowed the premises to remain in a dangerous condition, making it unsafe;

    f.    Was otherwise careless and negligent in the operation, maintenance and/or supervision of the escalator/property;

    g.    Failed to provide necessary and proper procedures for inspecting their premises and removing unsafe conditions;

    h.    Failed to provide necessary and proper procedures for inspecting their

premises and removing unsafe conditions;

   i. Defendants failed to properly maintain and inspect said escalator for safe operation;

   j. Defendants failed to use due care in the use of the escalator; and

   k. Defendants failed to warn MANUEL GOMEZ, JR. of the unsafe condition.

As a direct and proximate result of one or more of the foregoing negligent acts or omissions of MARRIOTT DEFENDANTS, Plaintiff sustained severe and permanent injuries; both internally and externally and was and will be hindered and prevented from attending to his usual duties and affairs of life.

All of which MARRIOTT DEFENDANTS, Defendant' agents or employees knew, or in the exercise of ordinary care, should have known. At all times material hereto, all of the agents, servants, and/or employees for MARRIOTT DEFENDANTS, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, MARRIOTT DEFENDANTS is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

## SCHINDLER ELEVATOR CORPORATION NEGLIGENCE

Plaintiff incorporates the allegations of the previous paragraphs herein-above as if fully reinstated here.

Defendant SCHINDLER was hired by MARRIOTT DEFFENDANTS to design, construct and maintain the escalator located at the SAN ANTONIO MARRIOTT RIVERCENTER.

At the before mentioned time and place, Defendant SCHINDLER, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Improperly designing and/or constructing the mentioned escalator at issue;

b. Improperly operating, managing, maintaining and controlling the escalator at issue;

c. Failing to provide the proper safety instructions and/or training for the operation of the escalator to the MARRIOTT DEFENDANTS;

d. Failing to make a reasonable inspection of the escalator at issue when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff and others lawfully on the property;

e. Allowed the escalator to remain in a dangerous condition, making it unsafe for use; and

f. Was otherwise careless and negligent in the construction and/or maintenance of the escalator in question.

As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant SCHINDLER, Plaintiff sustained severe and permanent injuries.

As a direct and proximate result of Defendant SCHINDLER's breach of their duty of care, Plaintiff sustained severe and permanent injuries.

## PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, jointly and severally, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, MANUEL GOMEZ, JR.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, jointly and severally, Plaintiff, MANUEL GOMEZ, JR. was caused to suffer injuries to back, shoulder, and various parts of his body and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MANUEL GOMEZ, JR. has incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, MANUEL GOMEZ, JR. for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Mental anguish in the past;

e. Physical pain and suffering in the future;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. Physical impairment which, in all reasonable probability, will be suffered in the future;

i. Disfigurement in the past;

j. Disfigurement in the future;

k. Fear of future disease or condition; and

l. Cost of medical monitoring and prevention in the future.

By reason of the above, Plaintiff, MANUEL GOMEZ, JR. has suffered losses and damages in excess of the minimum jurisdictional limits of the Court and for which this lawsuit is brought.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues presented in this action pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## RULE 193.7 NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that he intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents produced by all parties and third parties.

## NOTICE TO PRESERVE EVIDENCE

Plaintiff hereby demands that Defendants preserve and place a litigation hold on all documents, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit, further described elsewhere herein. This includes, but is not limited to all documents, photos, video, audio, cell phone records, text and SMS messages, and other electronically stored information.

## INITIAL DISCLOSURES

As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

Plaintiffs ask the Court to keep the requirement of Initial Disclosures to be made within 30 days.

## OBJECTION TO ASSOCIATE JUDGE

Plaintiffs objects to this case being referred to an associate judge for hearing a trial on the merits or for presiding at a jury trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MANUEL GOMEZ, JR., respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ZAYAS & HERNANDEZ, P.C.

By: _____
RICHARD E. ZAYAS
Texas Bar No. 00788744
950 E. Van Buren St.
Brownsville, Texas 78520
Tel. (956) 546-5060
Fax. (956) 546-5067
Attorney for Plaintiff
MANUEL GOMEZ, JR.